United States District Court
Northern District of Indiana

KEVIN COLEMAN,                    )
                                  )
            Plaintiff,            )
                                  )   Civil Action No. 2:12-CV-94 JVB
    v.                            )
                                  )
SCOTT BELL and HERALD ARGUS,      )
                                  )
            Defendants.           )

**OPINION AND ORDER**

Kevin Coleman, a *pro se* prisoner, filed a complaint pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602–03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). The court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to

less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Coleman explains that he was erroneously released from the LaPorte County Jail on January 26, 2012, due to jail employees' mistake. He states that when he heard of the mistake, he voluntarily turned himself in. Coleman brings this lawsuit because he alleges that Scott Bell lied to the newspaper reporter and because the Herald Argus printed that lie. Scott Bell said that Coleman had assumed the identity of another inmate and escaped by sneaking out of the jail. Coleman argues that the publication of this lie has damaged his reputation.

For the purpose of this screening order, the court accepts Coleman's description of these events. Nevertheless, claims for slander or defamation are not actionable under § 1983. *See Paul v. Davis*, 424 U.S. 693, 712 (1976) ("[W]e hold that the interest in reputation asserted in this case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law.") Therefore Coleman does not state a claim.[1]

Because the complaint does not state a claim, it is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED on March 13, 2012.

       s/Joseph S. Van Bokkelen
       Joseph S. Van Bokkelen
       United States District Judge
       Hammond Division

---

[1] In addition, Mr. Coleman has not shown that Herald Argus is a government entity that would be subject to § 1983 suit in the first place.